{¶ 13} The victim's out-of-court statement, "he did it again," was not barred by Evid.R. 802, the rule against hearsay, because it satisfies the excited utterance exception of Evid.R. 802(3). However, as evidence, the statement must also be relevant in order to be admissible.
 {¶ 14} Evid.R. 404(B) is a rule of relevance. It permits evidence of a defendant's extrinsic acts, those independent of the offense charged, when that evidence is nevertheless material and consequential to a fact in issue. Otherwise, that evidence is both irrelevant and specifically prohibited by Evid.R. 404(A) as a part of the prosecution's case-in-chief, which is how it was offered here.
 {¶ 15} The particular purposes for which Evid.R. 404(B) makes other act evidence admissible are not exclusive. Even so, any such other purpose is subject to the same relevance standards and requirements.
 {¶ 16} The victim's statement, "he did it again," was relevant to prove the facts of the offense charged. Further, the victim could, and did, explain what she meant in that connection, though that was probably unnecessary. However, she could not testify concerning specific instances of the Defendant's prior conduct to which her statement also referred, because they were not material or consequential to a fact in issue. Neither did they become so because the meaning of her statement might be vague, because, to the extent that the statement referred to prior acts, it was likewise inadmissible. Allowing one to explain the other is "bootstrapping" in order to put before the jury the kind of propensity evidence that Evid.R. 404(A) prohibits.
 {¶ 17} Even so, I agree with my colleagues that any error is harmless beyond a reasonable doubt because of the compelling DNA evidence the State introduced.